## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 30 2015, 5:28 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Walker Whatley
Pendleton Correctional Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Walker Whatley,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

July 30, 2015

Court of Appeals Case No.
49A02-1411-PC-781

Appeal from the Marion Superior Court

The Honorable David Seiter, Master Commissioner

Case No. 49G20-0111-PC-22293

**Crone, Judge.**

## Case Summary

[1] Walker Whatley appeals the denial of his petition for postconviction relief ("PCR"). He argues that the postconviction court erred in denying his petition

because there is no record of his guilty plea hearing to show that he was advised of certain constitutional rights and waived them. Because Whatley cannot rely solely on the missing record to carry his burden to show that he was not advised of his constitutional rights, we affirm.

## Facts and Procedural History

[2] In November 2001, the State charged Whatley with class C felony possession of cocaine and a firearm, class D felony possession of cocaine, and class A misdemeanor possession of marijuana. In February 2002, the State and Whatley, who was represented by counsel, entered into a plea agreement, wherein Whatley agreed to plead guilty to class C felony possession of cocaine and a firearm and the State agreed to dismiss the remaining charges. The plea agreement informed Whatley that by pleading guilty he was waiving certain rights, including the rights to a public and speedy trial by jury, to confront and cross-examine the witnesses against him, and to remain silent and not to be compelled to testify against himself.

[3] A guilty plea hearing was held. The court reporter was later unable to locate the audio recording of the hearing. However, the chronological case summary ("CCS") contains an entry for the guilty plea hearing stating that Whatley was advised of his rights and potential penalties and the factual basis for the offense was given and that the trial court found that Whatley understood his rights and knowingly and voluntarily waived them. The trial court accepted the plea agreement. The trial court later held a sentencing hearing and sentenced Whatley in accordance with the terms of his plea agreement.

[4]     In March 2011, Whatley filed a motion for transcripts of his guilty plea and sentencing hearings. In November 2011, the court reporter filed an affidavit stating that she had exercised due diligence in attempting to locate the audio recordings of those hearings but had been unable to locate them.

[5]     In 2012, Whatley filed a PCR petition, alleging that the trial court violated the Indiana Rules of Criminal Procedure by failing to maintain the recording of his guilty plea hearing, he asserted his innocence at the guilty plea hearing, his plea was not voluntary, and he was not advised of his federal constitutional rights as required by *Boykin v. Alabama*, 395 U.S. 238 (1969).[1] Subsequently, he filed an amended PCR petition, alleging that his counsel provided ineffective assistance in failing to communicate with him prior to the guilty plea hearing and in coercing him to sign the plea agreement. He also alleged that the factual basis for the charge was not established. In 2014, Whatley filed a motion to withdraw guilty plea,[2] which contained the same allegations that he made in his PCR petitions.

[6]     A hearing was held, at which the postconviction court admitted the court reporter's affidavit. Initially, Whatley testified that at his guilty plea hearing he

---

[1] "*Boykin* requires that the record must show, or there must be an allegation and evidence which show, that the defendant was informed of, and waived, three specific federal constitutional rights: the privilege against compulsory self-incrimination, right to trial by jury, and the right to confront one's accusers." *Hall v. State*, 849 N.E.2d 466, 469 (Ind. 2006).

[2] Our appellate courts treat such a motion as a PCR petition. *State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013). *See also* Ind. Code § 35-35-1-4(c) (providing that a motion to withdraw guilty plea that is filed after the convicted person is sentenced "shall be treated by the court" as a PCR petition).

maintained his innocence and did not admit to the factual basis underlying the charge of class C felony possession of cocaine and a firearm. Subsequently, he testified that, after a recess, he admitted to the factual basis for the charge but only because his attorney coerced him to do so. No other evidence was introduced. The postconviction court issued findings of facts and conclusions of law denying Whatley's petition. Specifically, the postconviction court concluded that Whatley failed to carry his burden to show (1) that he received ineffective assistance of counsel and (2) that the factual basis for the charge was not established. This pro se appeal followed.

## Discussion and Decision

In a postconviction proceeding, the petitioner "bears the burden of establishing grounds for relief by a preponderance of the evidence." *Ritchie v. State*, 875 N.E.2d 706, 713 (Ind. 2007). "When a petitioner appeals from a negative judgment, he or she must convince the appeals court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the trial court." *Lambert v. State*, 743 N.E.2d 719, 726 (Ind. 2001), *cert. denied* (2002). Although Whatley is "proceeding pro se and lacks legal training, such litigants are held to the same standard as trained counsel and are required to follow procedural rules." *Ross v. State*, 877 N.E.2d 829, 833 (Ind. Ct. App. 2007), *trans. denied* (2008).

The gist of Whatley's argument appears to be that the postconviction court erred in denying his PCR petition because the trial court failed to maintain

audio recordings of his guilty plea as required by Indiana Criminal Rule 10,[3] and therefore there is no record to show that he was advised of his *Boykin* rights. The postconviction court's findings of facts and conclusions of law do not contain any specific findings or conclusions relating to this contention although Whatley did raise it in his PCR petition. In *Allen v. State*, 749 N.E.2d 1158 (Ind. 2001), our supreme court stated,

> A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. *See* Ind. Post-Conviction Rule 1(6). The findings must be supported by facts and the conclusions must be supported by the law. *See Bivins v. State*, 735 N.E.2d 1116, 1121 (Ind. 2000), *reh'g denied*. Our review on appeal is limited to these findings and conclusions.

*Id*. at 1164. Later in the opinion, the supreme court observed that the postconviction court failed to make a specific finding and conclusion as to one of Allen's claims of ineffective assistance, and therefore the court would review that issue de novo. *Id*. at 1170. Accordingly, we will review the issue raised by Whatley de novo.

[9] It is true that "[t]he failure to advise a criminal defendant of his constitutional rights in accordance with *Boykin* prior to accepting a guilty plea will result in

---

[3] Indiana Criminal Rule 10 requires that the trial court create an electronic recording of all proceedings whenever a defendant pleads guilty to a felony or misdemeanor charge and is sentenced upon that plea. It also requires that if a transcription of the recorded matter is not prepared, certified, and filed in the criminal proceeding, the electronic recording must be maintained as a court record for ten years in all misdemeanors or fifty-five years in all felony cases.

reversal of the conviction." *Ponce v. State*, 9 N.E.3d 1265, 1270 (Ind. 2014). However, our supreme court has held that

> [a] petitioner cannot obtain post-conviction relief on the ground of the lack of *Boykin* advisements simply by proving that the guilty plea record is lost and cannot be reconstructed. Rather, as with any claim, the petitioner has the burden of demonstrating by a preponderance of the evidence that he is entitled to post-conviction relief.

*Hall v. State*, 849 N.E.2d 466, 473 (Ind. 2006). In *Hall*, our supreme court concluded that Hall failed to carry his burden because at his PCR hearing, he relied solely on the fact that there was no record of his guilty plea hearing and did not present any evidence regarding whether he had been advised of his *Boykin* rights. *Id.* at 472-73.

[10] Likewise, Whatley did not present any evidence at his PCR hearing regarding whether he was advised of his *Boykin* rights. He cannot carry his burden by simply relying on the fact that the record of the guilty plea hearing is missing. The plea agreement, which Whatley signed, specifically contains an enunciation of and waiver of rights. In addition, the CCS indicates that the trial court advised him of his rights and that he waived them. Accordingly, we conclude that Whatley failed to carry his burden to show that he did not receive his *Boykin* advisements.[4] Therefore, we affirm the denial of his PCR petition.

---

[4] Whatley does not challenge the postconviction court's conclusion that he failed to carry his burden to show that he received ineffective assistance of counsel. To the extent that Whatley argues that without a record of the guilty plea hearing, the postconviction court cannot confirm or deny whether he maintained his innocence or whether he admitted the factual basis to support his conviction, that argument is waived for

Affirmed.

May, J., and Bradford, J., concur.

---

failure to present a cogent argument. *See Whaley v. State*, 843 N.E.2d 1, 18 n.15 (Ind. Ct. App. 2006) ("Failure to put forth a cogent argument acts as a waiver of the issue on appeal."); Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.").